UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WILLIAM J. MORRA, JR.,

    Plaintiff,

v.                                 Case No. 3:23-cv-888-MMH-PDB

MONIQUE HAUGHTON WORRELL,
et al.,

    Defendants.
_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

Plaintiff William J. Morra, Jr., an inmate of the Florida penal system who is proceeding <u>pro</u> <u>se</u>, initiated this action by filing a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983.[1] Morra challenges his state court (Osceola County) judgment of conviction and asserts claims of excessive force (during the arrest) and false arrest or malicious prosecution.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

---

[1] Morra did not include the filing fee with his Complaint; thus, the Court assumes he desires to proceed <u>in</u> <u>forma</u> <u>pauperis</u>.

> of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of other actions previously brought by Morra that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 6:16-cv-1315-GKS-TS) (failure to state a claim); (2) 6:23-cv-190-PGB-DCI (failure to state a claim); (3) 6:23-cv-806-PGB-LHP (failure to state a claim and frivolous); and (4) 6:23-cv-837-CEM-EJK (failure to state a claim).[2]

Because Morra has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, this action will be dismissed without prejudice. Morra may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $402.00 filing fee.

---

[2] Plaintiff is a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). See Order (Doc. 4), No. 6:23-cv-1060-GAP-DCI (M.D. Fla. June 28, 2023).

Additionally, if Morra seeks to challenge his state court (Osceola County) judgment of conviction, a habeas petition should be filed in the Orlando Division of this Court.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of August, 2023.

MARCIA MORALES HOWARD
United States District Judge

caw 8/4
c:
William J. Morra, Jr., #X13020